JOSEPHINA DEROSE, ADMINISTRATRIX OF ESTATE OF ALPHONSA DEROSE, DECEASED, PLAINTIFF, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, DEFENDANT.

Decided January 27, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the plaintiff, *John O. Benson.*

For the defendant, *Frederic B. Scott.*

PER CURIAM.

The plaintiff brought suit under the Federal Employers' Liability act and had judgment at the Passaic Circuit for $16,000.

The defendant procured the rule and reserved exceptions in particular to the court's refusal to nonsuit and to direct a verdict for the defendant.

The grounds for the motion for a nonsuit and a directed verdict were as follows: "First, if the accident occurred by the deceased coming in contact with train 66, the accident was caused by the sole negligence of the plaintiff's decedent, and therefore his sole negligence was the proximate cause of this accident.

"Second, that there has been no negligence shown on behalf of the railroad company.

"Third, that the plaintiff's decedent assumed the risk of the accident which happened to him."

The nonsuit and direction having been denied, the court was requested to charge, and did charge: "If you find that Derose was an experienced trackman and that when he was

working alone he had been instructed to 'look out' or 'watch out' for trains, then your verdict must be for the railroad company, for his injuries, if he received them by coming in contact with a train of the defendant, was a risk which under the law he assumed."

It is now argued under reasons I and II, that the verdict was contrary to the charge as above quoted, and against the evidence and the weight thereof and the above-quoted portion of the court's charge. In other words, it is sought now to review the case on the theory that the verdict was contrary to the charge of the trial court, in that the evidence demonstrated as a matter of law that decedent had assumed the risks incident to his employment. The question so presented was reserved by the exceptions taken when the motion for a nonsuit and a directed verdict on this ground was made. However, it is argued here and it may as well be decided. The case was submitted to the jury on the theory of a custom to give warnings to track workers which was not followed. Although the deceased's superior testified to warning him to look out for trains and cars there was no way in which the plaintiff could negative this testimony. The burden of proving such warning as a foundation for assumption of risk was on the defendant; and although the testimony was in the nature of things not negatived, the jury were entitled to pass on it and were not required to believe it. *Schmidt* v. *Marconi Wireless Telegraph Co.*, 86 *N. J. L.* 183. It may well be that the point is not material here, since the theory on which the case was submitted was whether the engineman failed to give a usual and customary warning. We cannot say that the case was barren of evidence to support the verdict on the theory on which it was submitted to the jury.

The second point argued is that the trial judge was in error in that portion of his charge in which he discussed the rule of diminution of damages because of contributory negligence. It is not apparent to us that he was, but we do not consider the point because no exception was taken.

The rule will be discharged.